FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ NOV 30 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE THOMAS SHELTON,

NOT FOR PUBLICATION

**ORDER**

06-CV-6132 (CBA)

-----------------------------------------------------------x

AMON, United States District Judge:

On November 8, 2006, Thomas Shelton, who is is incarcerated at Cape Vincent Correctional Facility, filed a document with the Court styled as a "Freedom of Information Request." This Court may not act on Mr. Shelton's request for information as stated. However, in an abundance of caution, the Clerk of Court has been directed to assign a docket number to this case, solely for the purpose of this Order. In order to proceed with this action in federal court, Mr. Shelton must file a complaint and either pay the filing fee or submit a request to proceed *in forma pauperis* and a Prisoner Authorization form within thirty (30) days of the date of this Order.

## Mr. Shelton's Submission

The document received by the Court consists of a three-page handwritten request "made pursuant to Title 5 U.S.C.A. Subsection 522 and the Sarbanes Oxley Act of 2002" and addressed to the US District Court Eastern District of NY. Mr. Shelton requests "'All' civil and/or criminal active and/or inactive existing records and/or files social security account/I.R.S. account number #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 and original case number # 02922-2003 STAT of New York County Queens v. Thomas Shelton" and other materials. Mr. Shelton additionally asks that "If you/your office do not have these document mentioned above, please foward this FOIL to the correct department so I my recive these documents." [*sic*].

## DISCUSSION

### Standard of Review

In reviewing Mr. Shelton's request, the Court is mindful that because he is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Furthermore, his pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

However, "[i]t is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); United Food & Commercial Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

2

## The FOIL/FOIA Request

Mr. Shelton cites to both state and federal laws providing access to government records. The New York Freedom of Information Law, Public Officers Law § 84 *et seq.* ("FOIL") allows individuals to request disclosure of records collected by New York state agencies, subject to certain statutory exemptions. If the initial request is denied, the requester may appeal the denial first to the "head, chief executive or governing body" of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. L. § 89(4)(a) and (b). Federal courts do not have jurisdiction to enforce state laws granting public access to official records.

The federal Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA") created a judicially enforceable public right of access to information collected by executive branch agencies, subject to specified limitations. FOIA requests must be made to the specific agency, may be administratively appealed to the head of the agency, and ultimately are appealable to federal courts. 5 U.S.C. § 552(a)(4)(B). However, federal court jurisdiction "is dependent upon a showing that an agency has (1) 'improperly;' (2) 'withheld;' (3) 'agency records,'" Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980), and the requester must first exhaust his administrative remedies, Ruotolo v. Department of Justice, 53 F.3d 4, 8 (2d Cir. 1995).

To the extent that Mr. Shelton seeks information from state agencies, such as the Queens County Court, this Court does not have jurisdiction over requests made pursuant to the state FOIL. The federal FOIA applies only to federal agencies, and not to state agencies. See e.g.

3

Grand Cent. Partnership, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999). To the extent that Mr. Shelton seeks information from federal agencies such as the IRS, he has not indicated that he has filed a FOIA request, that such request was initially denied, nor that he has exhausted his administrative remedies.

Although this Court can discern no federal question that would give this Court jurisdiction over Mr. Shelton's request, the Court is mindful of Mr. Shelton's *pro se* status. Accordingly, the Court grants leave to file a complaint. Rule 8 of the Federal Rules of Civil Procedure provides that, in order to state a claim for relief, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Moreover, in order to bring a complaint in federal court, Mr. Shelton must either pay the filing fee or seek leave of the Court to proceed *in forma pauperis*. Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. However, the Prison Litigation Reform Act ("PLRA") requires prisoners to pay the full filing fee from their prison accounts as funds become available. For Mr. Shelton's convenience, the Court has attached the forms for application to proceed *in forma pauperis* and the Prisoner Authorization for disbursement of funds pursuant to the PLRA.

## CONCLUSION

Mr. Shelton shall have thirty (30) days from the date of this Order to file a complaint that complies with Rule 8. The Complaint must be accompanied by the filing fee or by the application to proceed without prepayment of fees and the Prisoner Authorization to disburse

4

funds from the prison trust fund account. No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
November 2006